IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MONSANTO PRODUCTION SUPPLY LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-cv-3038 |
| RICK ROSENTRETER and DOUGLAS ROSENTRETER, | ) ) ) | |
| Defendants. | ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

In early 2016, Plaintiff Monsanto Production Supply LLC sued Defendant Rick Rosentreter, a Central Illinois farmer, for allegedly using Monsanto's proprietary seeds without authorization, interfering with Monsanto's contractual relations, and being unjustly enriched as a result (d/e 1). After Rosentreter repeatedly frustrated Monsanto's discovery efforts and repeatedly disobeyed the Court's discovery orders, Monsanto filed a motion for sanctions (d/e 45). The Court orally granted Monsanto's motion in July 2016 and followed up on August 9, 2016 with a written order and opinion (d/e 57).

In that written order, the Court granted Monsanto's request for default judgment against Rosentreter and granted in part Monsanto's request for a permanent injunction against Rosentreter. (Rather than entering a permanent injunction barring Rosentreter from using seeds containing Monsanto's patented biotechnology, the Court entered a temporary injunction pending further hearing on whether a permanent injunction would force Rosentreter to abandon farming altogether given the ubiquity of Monsanto's seeds in the farming industry.)

Rosentreter has now filed a Motion for Certification of Permissive Appeal (d/e [60]).  Rosentreter asks the Court to "certify for permissive interlocutory appeal the issue which was presented [to the Court] on July 15, 2016" (d/e 60 at 1).  Essentially, Rosentreter seeks leave to file an interlocutory appeal of the Court's ruling on Monsanto's motion for sanctions.

The relevant statute states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an intermediate appeal from the order may materially advance the ultimate

termination of the litigation, he shall so state in writing such order. …

28 U.S.C. § 1292(b).  To certify an interlocutory appeal under Section 1292(b), "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation."  Ahrenholz v. Bd. of Trustees, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).  The Court "may not and should not" certify an order for interlocutory appeal under Section 1292(b) "[u]nless all these criteria are satisfied."  Id.

Here, none of the criteria are satisfied.  In the Section 1292(b) context, "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  Id. at 676.  But there is no statutory or constitutional provision, regulation, or common law doctrine whose meaning is at issue here.  When a party "fails to obey an order to provide or permit discovery," Rule 37(b) authorizes a court to "render[] a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  Consistent with that authorization, the Court awarded default judgment to Monsanto after Rosentreter repeatedly disobeyed the Court's discovery orders.  Accord Newman v. Metro.

Pier & Exposition Auth., 962 F.2d 589, 591 (7th Cir. 1992) ("A [defendant's] failure to comply with discovery orders is properly sanctioned … by entry of a default judgment."). The Court's straightforward decision to award default judgment in Monsanto's favor did not require the Court to resolve a "question of law," let alone a "controlling" or "contestable" one.

Further, allowing Rosentreter to appeal would not expedite this case. Because such an appeal would not present a contestable, controlling issue of law for the Seventh Circuit to resolve in Rosentreter's favor, the appeal would delay, not expedite, this case's resolution.

In his brief, Rosentreter argues, as he has before, that he at least partially complied with Monsanto's discovery requests, and that Rule 37(d) "does not provide relief for partial—or for arguably inadequate—responses to discovery" (d/e 59 at 1), citing once again to cases that refer to Rule 37(d). See Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977) ("subdivision (d) of Rule 37 applies only where there has been a complete failure to comply with discovery"); Fox v. Studebaker-Worthington, Inc.,

516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions only apply where there is a total non-compliance with discovery").

But the Court rejected this argument when Rosentreter presented it in his response to Monsanto's motion for sanctions, and for good reason: Monsanto sought default judgment not under Rule 37**(d)**, but under Rule 37**(b)**, which allows a court to "render[] a default judgment" as a sanction for failing to obey a discovery order. As outlined at length in the Court's August 9, 2016 order and opinion, Rosentreter repeatedly and without justification disobeyed this Court's discovery orders.  The Court's default judgment award was therefore appropriate.

Rosentreter also cites a set of cases in which the Seventh Circuit <u>upheld</u> a district court's default judgment (or dismissal) order.  See <u>Hal Commodity Cycles Mgmt. Co. v. Kirsch</u>, 825 F.2d 1136, 1139 (7th Cir. 1987) (affirming denial of motion to vacate default judgment, which district court had entered after 3 years of defendant's "dilatory conduct"); <u>Newman v. Metro. Pier & Exposition Auth.</u>, 962 F.2d 589 (7th Cir. 1992) (affirming dismissal under Rule 37(d) after plaintiff repeatedly failed to appear for her deposition); <u>Domanus v. Lewicki</u>, 742 F.3d 290 (7th Cir. 2014) (affirming default

judgment based on defendants' "clear record of delay or contumacious conduct" and "willfulness, bad faith, or fault").

Rosentreter argues that his own conduct doesn't come "even remotely close" to the recalcitrant parties' conduct in the cases he cites (d/e 59 at 5). But the Seventh Circuit has said that a court may award default judgment "as soon as a pattern of noncompliance with the court's discovery orders emerges," as long as the court remains "guided by the norm of proportionality that guides all judicial applications of sanctions." Newman, 962 F.2d at 591. Here, the sanction of default judgment was proportional to Rosentreter's pattern of noncompliance in the form of his repeated and unjustified disobedience of the Court's discovery orders and his repeated lies and misrepresentations, which the Court has already described at length. (See August 9, 2016 Order and Opinion, d/e 57.)

Rosentreter's motion (d/e 60) is accordingly DENIED. As stated in the Court's August 9, 2016 order, the parties shall confer and then inform the Court regarding a desired date for a hearing at which the Court will hear evidence concerning (a) Monsanto's

damages and (b) the effect on Rosentreter of a permanent injunction.

ENTERED:  August 31, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE