IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MONSANTO PRODUCTION SUPPLY, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 16-CV-3038 |
| RICK ROSENTRETER, | ) ) ) |
| Defendants. | ) |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff's Petition to Revive Judgment. For the reason's stated therein, Plaintiff's Petition to Revive Judgment (d/e 120) is GRANTED.

### I. BACKGROUND

In February 2016, Plaintiff filed a Complaint against Defendant Rick Rosentreter alleging that Defendant improperly converted Plaintiff's proprietary seeds, interfered with Plaintiff's contractual relations, and was unjustly enriched as a result. (d/e 1). On September 27, 2017, the Court entered an Opinion and Order in this action in Plaintiff's favor, entering a default judgment against the

Defendants, issuing a permanent injunction and setting forth the amount of compensatory damages Plaintiff was entitled to. (d/e 81) Specifically, the Order allowed for a total of monetary damages in the amount of $5,801,905.20. Id. Pursuant to this Opinion, the Court entered judgment on October 13, 2017. (d/e 83). Plaintiff's attorney filed a Motion for Attorney's Fees, which was granted by the Court, and an Amended Judgment was entered on November 29, 2017, to reflect said award of attorney's fees and costs. (d/e 85). This resulted in a total sum of $6,880,086.31 on the Amended Judgment. Id.

On August 1, 2023, and September 6, 2023, Plaintiff received payments totaling $8,620.81 and $3,491.02, respectively to be applied to the amount due. (d/e 120-1, p. 2). These are the only payments Plaintiff has received to date as reflected by the declaration and financial statement Plaintiff has attached. *See* d/e 120.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69 provides that execution of a judgment must proceed according to state law. Fed. R. Civ. P. 69. Under Illinois law, a judgment is valid for seven years, but it can be revived within twenty years of the date of judgment. *See* 735 ILCS

5/12-108(a); 735 ILCS 5/13-218. In relevant part, the procedure for reviving a judgment is as follows:

> (a) A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant[.]
>
> (b) A petition to revive a judgment *** shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.
>
> * * *
>
> (d) An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original judgment. Credits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution.

735 ILCS 5/2-1602.

### III. ANALYSIS

As an initial matter Plaintiff filed this Petition to Revive on July 12, 2024. (d/e 120). There has been no response by the Defendant during the pendency of this motion and, pursuant to Local Rule 7.1(B)(2), this Court may presume there is no opposition and can rule on said motion without further notice to parties and this Court will do so.

The operative judgment in this matter was filed on November 29, 2017. (d/e 85). Therefore, Plaintiff's petition for revival is timely as it was filed within the seventh year after the entry of the amended judgment. The petition filed by the Plaintiff incorporates a memorandum of law which includes a declaration of the attorney responsible for collecting and maintaining records of payment received regarding the amended judgment. (d/e 120-2).

Plaintiff's petition includes an amortization of the judgment amount which includes the judgment principal per year, interest rate, daily interest, accrued interest and payments received. Post-judgment interest is appropriate in this matter as it is allowed on any money judgment in a civil case recovered in a federal district court and if calculated pursuant to 28 U.S.C. 1961(a). On October 13, 2017, the date the original judgment was entered, the federal post-judgment rate was 1.41%. (d/e 120, p. 4). This accounting of the amounts due and owing clearly satisfies the second prong necessary under the operative statute.

Lastly, Plaintiff seeks the original amount of the judgment, namely $6,880,086.31, plus post-judgment interest and includes an accounting of the credits collected. However, pursuant to Section

1602, any credits to the judgment should be reflected in supplemental proceedings or execution.

Plaintiff has shown that it is clearly entitled to a revival of judgment as each of the factors in 735 ILCS 5/2-1602 have been met. Therefore, Plaintiff's Petition is granted.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Petition (d/e 120) is GRANTED. Plaintiff's November 29, 2017 judgment against Defendant Rick Rosentreter is revived in the original amount of $6,880,086.31 plus post-judgment interest of $602,962.59. Any credits to the Amended Judgment shall be reflected by the Plaintiff in supplemental proceedings or execution. The Clerk is DIRECTED to enter an Amended Judgment consistent with this order. Further, this judgment shall be valid for a period of seven years.

**IT IS SO ORDERED.**
**ENTERED: August 26, 2024**
**FOR THE COURT**

                                              /s/ Sue E. Myerscough
                                              **SUE E. MYERSCOUGH**
                                              **UNITED STATES DISTRICT JUDGE**